

FILED
RECEIVED        LODGED
COPY

FEB 2 2 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY



FILED
CLERK, U.S. DISTRICT COURT

2/16/2018

CENTRAL DISTRICT OF CALIFORNIA
BY:_____ DEPUTY
CW



MC18-003   TUC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>    vs.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRSTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE),<br><br>      Defendants. | Case No.  2:15-cv-02563 FMO (FFMx)<br><br>**JUDGMENT AS TO DEFENDANT PWCG TRUST**<br><br>[APPOINTMENT OF RECEIVER] |

1    The Securities and Exchange Commission ("SEC") having filed a Complaint
2    and Defendant PWCG Trust having entered a general appearance; consented to the
3    Court's jurisdiction over Defendant and the subject matter of this action; consented to
4    the entry of this Judgment without admitting or denying the allegations of the
5    Complaint (except as to jurisdiction); waived findings of fact and conclusions of law;
6    and waived any right to appeal from this Judgment:

## I.

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
9    permanently restrained and enjoined from violating Section 5 of the Securities Act
10    [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable
11    exemption:

12    (a)    Unless a registration statement is in effect as to a security, making use of
13          any means or instruments of transportation or communication in
14          interstate commerce or of the mails to sell such security through the use
15          or medium of any prospectus or otherwise;

16    (b)    Unless a registration statement is in effect as to a security, carrying or
17          causing to be carried through the mails or in interstate commerce, by any
18          means or instruments of transportation, any such security for the purpose
19          of sale or for delivery after sale; or

20    (c)    Making use of any means or instruments of transportation or
21          communication in interstate commerce or of the mails to offer to sell or
22          offer to buy through the use or medium of any prospectus or otherwise
23          any security, unless a registration statement has been filed with the
24          Commission as to such security, or while the registration statement is the
25          subject of a refusal order or stop order or (prior to the effective date of
26          the registration statement) any public proceeding or examination under
27          Section 8 of the Securities Act [15 U.S.C. § 77h].

28

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

2  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

3  binds the following who receive actual notice of this Judgment by personal service or

4  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

5  (b) other persons in active concert or participation with Defendant or with anyone

6  described in (a).

7                                    **II.**

8    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

9  Consent is incorporated herein with the same force and effect as if fully set forth

10  herein, and that Defendant shall comply with all of the undertakings and agreements

11  set forth therein.

12                                   **III.**

13    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

14  Thomas A. Hebrank is appointed as permanent receiver of Defendant PWCG Trust,

15  with full powers of an equity receiver, including, but not limited to, full power over

16  all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise

17  controlled), choses in action, books, records, papers and other property belonging to,

18  being managed by or in the possession of or control of Defendant PWCG Trust, and

19  that such receiver is immediately authorized, empowered and directed:

20    A.    to have access to and to collect and take custody, control, possession,

21        and charge of all funds, assets, collateral, premises (whether owned,

22        leased, pledged as collateral, occupied, or otherwise controlled), choses

23        in action, books, records, papers and other real or personal property,

24        wherever located, of or managed by Defendant PWCG Trust

25        (collectively, the "Assets"), with full power to sue, foreclose, marshal,

26        collect, receive, and take into possession all such Assets (including

27        access to and taking custody, control, and possession of all such Assets);

28

1     B.    to assume full control of Defendant PWCG Trust by removing, as the

2            receiver deems necessary or advisable, any director, officer, attorney,

3            independent contractor, employee, or agent of any of Defendant PWCG

4            Trust, and any named Defendant, from control of, management of, or

5            participation in, the affairs of Defendant PWCG Trust;

6     C.    to have control of, and to be added as the sole authorized signatory for,

7            all accounts of the entities in receivership, including all accounts at any

8            bank, title company, escrow agent, financial institution or brokerage firm

9            (including any futures commission merchant) which has possession,

10           custody or control of any Assets, or which maintains accounts over

11           which Defendant PWCG Trust, and/or any of its employees or agents

12           have signatory authority;

13    D.    to conduct such investigation and discovery as may be necessary to

14           locate and account for all of the assets of or managed by Defendant

15           PWCG Trust, and to engage and employ attorneys, accountants and

16           other persons to assist in such investigation and discovery;

17     E.    to take such action as is necessary and appropriate to preserve and take

18           control of and to prevent the dissipation, concealment, or disposition of

19           any Assets;

20     F.    to choose, engage, and employ attorneys, accountants, appraisers, and

21           other independent contractors and technical specialists, as the receiver

22           deems advisable or necessary in the performance of duties and

23           responsibilities under the authority granted by this Order;

24     G.    to make an accounting, as soon as practicable, to this Court and the SEC

25           of the assets and financial condition of Defendant PWCG Trust, and to

26           file the accounting with the Court and deliver copies thereof to all

27           parties;

28

1      H.    to make such payments and disbursements from the Assets taken into

2             custody, control, and possession or thereafter received by him or her,

3             and to incur, or authorize the making of, such agreements as may be

4             necessary and advisable in discharging his or her duties as permanent

5             receiver;

6      I.     to investigate and, where appropriate, to institute, pursue, and prosecute

7             all claims and causes of action of whatever kind and nature that may

8             now or hereafter exist as a result of the activities of present or past

9             employees or agents of Defendant PWCG Trust;

10     J.     to institute, compromise, adjust, appear in, intervene in, or become party

11           to such actions or proceedings in state, federal, or foreign courts, which

12           (i) the receiver deems necessary and advisable to preserve or recover any

13           Assets, or (ii) the receiver deems necessary and advisable to carry out

14           the receiver's mandate under this Order; and

15     K.    to have access to and monitor all mail, electronic mail, and video phone

16           of the entities in receivership in order to review such mail, electronic

17           mail, and video phone which he or she deems relates to their business

18           and the discharging of his or her duties as permanent receiver.

19                              **IV.**

20     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

21   PWCG Trust, and its officers, agents, servants, employees and attorneys, and any

22   other persons who are in custody, possession or control of any assets, collateral,

23   books, records, papers or other property of or managed by any of the entities in

24   receivership, shall forthwith give access to and control of such property to the

25   permanent receiver.

26                              **V.**

27     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no officer,

28   agent, servant, employee or attorney of Defendant PWCG Trust shall take any action

1 | or purport to take any action, in the name of or on behalf of Defendant PWCG Trust

2 | without the written consent of the permanent receiver or order of this Court.

3 | **VI.**

4 |     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except by

5 | leave of this Court, during the pendency of this receivership, all clients, investors,

6 | trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or

7 | entities seeking relief of any kind, in law or in equity, from Defendant PWCG Trust

8 | or its Trustee, and all persons acting on behalf of any such investor, trust beneficiary,

9 | note holder, creditor, claimant, lessor, consultant group or other person, including

10 | sheriffs, marshals, servants, agents, employees and attorneys, are hereby enjoined

11 | from, directly or indirectly, with respect to these persons and entities:

12 |     A.    commencing, prosecuting, continuing or enforcing any suit or

13 |         proceeding (other than the present action by the SEC or any other action

14 |         by the government) against any of them;

15 |     B.    using self-help or executing or issuing or causing the execution or

16 |         issuance of any court attachment, subpoena, replevin, execution or other

17 |         process for the purpose of impounding or taking possession of or

18 |         interfering with or creating or enforcing a lien upon any property or

19 |         property interests owned by or in the possession of any of them; and

20 |     C.    doing any act or thing whatsoever to interfere with taking control,

21 |         possession or management by the permanent receiver appointed

22 |         hereunder of the property and assets owned, controlled or managed by or

23 |         in the possession of any of them, or in any way to interfere with or

24 |         harass the permanent receiver or his or her attorneys, accountants,

25 |         employees, or agents or to interfere in any manner with the discharge of

26 |         the permanent receiver's duties and responsibilities hereunder.

27

28

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant PWCG Trust, and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant PWCG Trust shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Judgment, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge

1  of his duties and responsibilities.

2                                    **X.**

3       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

4  shall retain jurisdiction over this action for the purpose of implementing and carrying

5  out the terms of all orders and decrees which may be entered herein and to entertain

6  any suitable application or motion for additional relief within the jurisdiction of this

7  Court.

8

9  IT IS SO ORDERED.

10

11  Dated: <u>February 16, 2018</u>                              <u>         /s/          </u>
                                              HON. FERNANDO M. OLGUIN
12                                            UNITED STATES DISTRICT JUDGE